Filed 9/18/13  P. v. Lorenz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

|  |  |
|---|---|
| THE PEOPLE, | C072891 |
| Plaintiff and Respondent, | (Super. Ct. No. CM035850) |
| v. | |
| STEPHEN ARTHUR LORENZ, JR., | |
| Defendant and Appellant. | |

On January 23, 2012, at about 6:17 a.m., a Chico Police Department officer was dispatched to a report of a prowler outside an apartment complex.  The officer found defendant Stephen Arthur Lorenz, Jr., near the complex's entrance.  Defendant matched the physical description of the prowler, and a flat-screen television was sitting on the ground next to where he was first found.  The officer obtained defendant's identification and learned he was a former Norteño gang member, a prior parolee, and had a history of resisting arrest and weapons violations.

1

Defendant said he was moving the television to a storage unit and had spent the night in the complex with his friend Toby. Defendant refused to provide Toby's last name or apartment number. The officer then conducted a patdown search, which discovered a knife and a handgun holster. After defendant admitted having a handgun, the officer removed a .44-caliber revolver from defendant's left front pants pocket. Defendant had two prior felony convictions.

Defendant pleaded no contest to felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)). Prior to sentencing, defendant moved to represent himself, which the trial court granted after determining he knowingly and intelligently waived his right to appointed counsel.

Defendant subsequently filed a motion to withdraw the plea, alleging he had been informed he would be placed on probation as part of the plea, but the probation report recommended a state prison sentence. The trial court denied the motion. Defendant represented himself at sentencing, where the trial court placed defendant on three years' formal probation, subject to various terms and conditions.

Defendant obtained a certificate of probable cause and appeals.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                        ___BLEASE_____, J.

We concur:

___RAYE_____, P. J.

___HULL_____, J.